NEW YORK COUNTY.—HON. D. G. ROLLINS, SURROGATE.—June, 1883.

STOKES V. DALE.

*In the matter of the estate of* JAMES STOKES, *deceased.*

Under Code Civ. Pro., § 2672, permitting the Surrogate to authorize a temporary administrator to pay "any expenses of the administration of his trust," the former may, on the latter's application, order him to pay his counsel for legal services rendered in the course of the administration.

A temporary administrator having applied for an order directing him to pay his counsel a certain specified sum as such compensation,—

*Held,* that, while the provision cited would justify the order asked for, the better practice was to permit the administrator to withdraw from deposit funds not exceeding an amount specified, and afford him an opportunity to exercise his own discretion as to a reasonable amount to be paid to counsel, subject to an accounting; and that an order should be granted accordingly.

One contesting the probate of a will applied to the Surrogate for an allowance out of decedent's estate, by way of compensation for the services of her counsel in connection with the appointment of a temporary administrator, and divers other proceedings, all of which terminated in *orders.*—

*Held*, that, under Code Civ. Pro., § 2556, ten dollars, motion costs, was the maximum lawful allowance to a party, upon the making of each order.

PETITION, by Anson Phelps Stokes, temporary administrator of decedent's estate, for an order directing payment of a sum certain to his counsel, for services rendered during the administration; opposed by Dora S. Dale, a daughter of decedent, who also asked an allowance for her counsel. The facts appear sufficiently in the opinion.

BUTLER, STILLMAN & HUBBARD, *for administrator.*

THERON G. STRONG, *for Dora S. Dale.*

THE SURROGATE.—*First.* The temporary administrator of this estate has applied for an order directing the payment of a certain specified sum, as compensation to his counsel for legal services rendered by them in the course of this administration. The power of the Surrogate to make such an order is not open to dispute. By section 2672 of the Code of Civil Procedure, he is authorized to direct a temporary administrator "to pay any expenses of the administration of his trust."

There can be no doubt that fees for legal services are "expenses of administration," and that the payment of such fees should, in proper cases and within proper limits, be made a charge upon an estate in whose interests such services have been rendered.

The situation of a temporary administrator does not essentially differ in this respect from that of any other administrator, or from that of an executor. When either of those officers has expended sums of money as counsel

fees, he may properly assert a claim to be credited therefor in his accounts with the estate, and upon the settlement of such accounts, the Surrogate will allow such credit, if it appears that the expenditure has been necessarily incurred and is reasonable in amount (Estate of L. St. John, *Daily Reg., May 21, 1883*).

In the present case, I will allow the temporary administrator to withdraw from deposit a sum not exceeding $3,585.32, and to pay thereout a reasonable sum for the services and disbursements of his counsel. The section of the Code to which I have already referred (§ 2672) may, doubtless, be fairly construed as empowering the Surrogate, upon such an application as the present, to give absolute and final direction for the payment of administration expenses. I am not inclined, however, to depart from the practice which I have hitherto pursued in this regard. Whether the amount which the present applicant may choose to expend by virtue of the authority here given him shall be allowed in his accounts, as an item of credit, is a matter which will be passed upon when those accounts shall be judicially settled and determined. At present, I do not direct him to pay the sum above specified, but simply afford him an opportunity to exercise his own discretion in the premises, subject to a final accounting.

*Second.* Mrs. Dora S. Dale, daughter of decedent, who is now contesting, in this court, the probate of an instrument propounded as a codicil to his will, asks that she be allowed out of this estate a certain amount in her petition specified, by way of compensation for the services of her counsel, in connection with the appointment of the temporary administrator, and with divers other

proceedings which have, from time to time, been instituted before the Surrogate. Her petition describes, in some detail, the nature of these proceedings, and declares, in substance, that the efforts of her counsel have been beneficial not only to herself, but to the other parties interested in the probate controversy, and that she and her counsel have been at all times "animated by a desire to protect and care for this estate, and to prevent any action which would be likely to produce injury or loss."

Several affidavits have been filed answering this application and denying some of its allegations, particularly those which assert that the petitioner and her counsel have been governed, in all that they have done and said in reference to this estate, by a regard for what they believed its best interests.

Since these answering affidavits were placed on file, I have allowed the respective counsel to present such other evidence, for and against the motion, as they have seen fit to submit. This has occasioned an earnest and somewhat bitter controversy over matters which are not, in my judgment, pertinent to the present inquiry. For I am clearly of the opinion that, however laudable may be the motives by which the petitioner has been actuated, and however meritorious may have been the services of her counsel, her application must be denied.

The nature of the Surrogate's authority, respecting the award of costs or allowances to parties or their counsel, was the subject of careful consideration in Walton v. Howard (*ante*, 103). As is there stated, the Surrogate had no authority whatever in such matters before the adoption of the Revised Statutes, and has now only

such limited power as is conferred upon him by the Code of Civil Procedure.

The various proceedings, wherein were rendered the services for whose payment the petitioner now asks an allowance, were proceedings for the procurement of orders (Code, §§ 2669, 2672). By referring to sections 2556, 768 and 3251, subd. 3, it will appear that ten dollars is the maximum sum which can be allowed as costs in such proceedings. These motion costs would, very likely, have been awarded in some of the controversies which have arisen in this estate, if counsel had thought it worth while to claim them. But such an allowance is all that the Surrogate has authority to grant.

Petition denied.